IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE CRANFILL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:12-CV-1174-P |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Darrell Wayne Cranfill, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On July 20, 1990, petitioner was sentenced to 25 years imprisonment for the Texas offense of forgery. On November 16, 1990, while in Texas custody, petitioner was sentenced to 180 months imprisonment for the federal offense of being a felon in possession of a firearm with an armed career criminal enhancement. He was later transferred to federal custody, where he was permitted to serve his previously-imposed state sentence concurrently with his federal sentence.[1] On May 22, 2000, petitioner was released to parole by the Texas Board of Pardons and Paroles *in absentia* and

---

[1] The Texas court entered a *nunc pro tunc* order on January 15, 1991, ordering that "the judgment and sentence imposed in the above-entitled and numbered cause reflect that the Defendant is to serve his sentence in the Federal Correction System concurrent with his sentence imposed on November 16, 1990 in the United States District Court for the Northern District of Texas[.]" (*See* Resp. Ans., Exh. A).

1

remained in the sole custody of the federal Bureau of Prisons ("BOP") until on or about November 2006. Petitioner's state parole was revoked on June 11, 2008, at which time he forfeited 7 years 6 days of "street time." He was then released to mandatory supervision on February 6, 2009. His Texas supervision was revoked on November 10, 2010, at which time he was returned to TDCJ custody and forfeited an additional one year, two months, and 23 days of time. In calculating the time remaining on his forgery sentence after his most recent revocation, the TDCJ did not credit petitioner for "street time" accrued while out on parole – even the period in which he was incarcerated in the sole custody of the BOP. Petitioner challenged this decision through the prison dispute resolution process and in an application for state post-conviction relief. His request for administrative review was denied, and his state writ was denied. Petitioner then filed this action.

II.

Petitioner contends that: (1) he is entitled to credit on his sentence for the time spent on parole and mandatory supervision while in the custody of the BOP; and (2) his Due Process rights were violated because he did not receive adequate notice that his federal imprisonment following his parole did not count as "flat time" toward his state prison sentence.[2]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may

---

[2] Respondent argues that petitioner's claims challenging his loss of time credit upon his first parole revocation are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 5-9). This procedural issue need not be decided since petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief[.]").

2

grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004) (*citing Williams*, 529 U.S. at 405-06). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B.

Petitioner's argument is premised on his belief that he should receive credit on his state forgery sentence for his entire imprisonment in federal custody – even the time after his release to parole. Because petitioner was confined by federal authorities, he urges that the period spent in custody after parole should not have been categorized as "street time" or forfeited when his release was revoked by the state. He does not challenge the forfeiture of any "street time" accrued while

3

he was outside of federal and state prison; he urges only that his service of the federal firearms conviction constitutes "flat time."

Initially, the *nunc pro tunc* judgment itself does not indicate that petitioner would receive credit on his forgery sentence for all time served in federal custody. Petitioner was simply permitted to serve his state sentence concurrently while incarcerated for his firearms conviction. (*See* Resp. Ans., Exh. A). His state sentence was 25 years imprisonment, to be served in federal custody. (*See id.*; *see also Ex parte Cranfill*, WR-76,920-01, Tr. at 127). Petitioner was released to state parole on May 22, 2000, and again released to state supervision on February 6, 2009. *Ex parte Cranfill*, WR-76,920-01, Tr. at 122-23. Petitioner claims that he is entitled to sentence credit for his entire federal sentence under Texas Code of Criminal Procedure article 42.03, § 2(a). That section simply states that a state prisoner shall receive credit, "for the time that the defendant has spent . . . *in jail for the case*, including confinement served as described by Article 46B.009 [related to mental competency evaluations] and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court[.]" TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (emphasis added)." On collateral review, the state habeas court found that petitioner had forfeited a total of eight years, two months, and 29 days pursuant to Texas Government Code section 508.283, and that he "has received credit for all time to which he is entitled" under state law. *Ex parte Cranfill*, WR-76,920-01, Tr. at 119-20.

Petitioner has not established that this determination was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented. The record is clear that after his release to parole, petitioner was no longer "in

4

jail for the case," as that term is defined under Texas law. *See Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) ("When a person is confined, either physically or constructively, by another jurisdiction, he is confined on 'said' cause only if a detainer or 'hold' is lodged against him by that jurisdiction"); *see also Haas v. Woods*, No. 3:99-CV-2734-BD, 2003 WL 22327872 at *6 (N.D. Tex. Oct. 9, 2003) (citing cases). Accordingly, the state habeas court's decision was not an unreasonable determination of fact. Petitioner has also failed to point to any clearly established federal law that was improperly applied. On the contrary, it does not appear that any cases have applied article 42.03, § 2(a) in the context of a parole revocation proceeding. *See id.* Petitioner's belief that it is unfair that he did not receive state credit for part of his federal custody does not establish that clearly established federal law was unreasonably applied.

C.

Finally, petitioner complains that he did not receive adequate notice that he would forfeit all time accumulated after his release to parole *in absentia* upon revocation of his parole or supervised release. This claim again relies upon petitioner's mistaken belief that all time served in federal custody constitutes time spent in jail "for the case." The Certificate of Parole signed by petitioner on September 12, 2000 indicates that he was released on parole as of that date, and that any violation of the rules set forth in Article 42.18 of the Texas Code of Criminal Procedure "SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED." *Ex parte Cranfill*, WR-76,920-01, Tr. at 68-69 (emphasis in original). Petitioner has presented no evidence of any due process violation, and his claim should be denied.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

**SO RECOMMENDED on this 13th day of November, 2012.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

　　　A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE